IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRAIG S. SMALLWOOD,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL BUREAU OF INVESTIGATION; CITY & COUNTY OF HONOLULU; and HAWAII DISABILITY RIGHTS CENTER,<br><br>Defendants. | CV. NO. 16-00505 DKW-KJM<br><br>**ORDER (1) DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND (3) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**ORDER (1) DENYING APPLICATION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER; AND
(3) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**INTRODUCTION**

On September 14, 2016, Plaintiff Craig S. Smallwood, proceeding pro se, filed a Complaint against the Federal Bureau of Investigation ("FBI"), City and County of Honolulu ("City"), and the Hawaii Disability Rights Center, alleging violations of his civil rights on the basis of race and disability.  Smallwood also filed a request for TRO and Ex Parte Emergency Federal Protection Order ("Motion for TRO"), seeking a court order directing: (1) that an unnamed Honolulu Police

Department ("HPD") officer be reassigned; and (2) that the FBI investigate unspecified agencies within the State of Hawaii for purported system-wide civil rights violations.

Smallwood's Motion for TRO fails to establish that he is entitled to the relief he seeks, and is accordingly DENIED.  Moreover, because the Complaint fails to state a claim for relief, the Court DISMISSES it pursuant to 28 U.S.C. § 1915(e) and GRANTS Smallwood leave to file an amended complaint by no later than **October 10, 2016**.  Smallwood's concurrently filed Application For Leave To Proceed Without Prepayment of Fees, requesting to proceed *in forma pauperis* ("IFP Application"), is also DENIED for the reasons detailed below.[1]

## DISCUSSION

### I.     The IFP Application Is Denied

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787

---

[1] Pursuant to Local Rule 7.2(d), the Court finds these matters suitable for disposition without a hearing.

F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (internal quotation omitted).

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Here, the IFP Application indicates that Smallwood is not employed and supports two dependents, his wife and daughter. His wife is employed and earns $350 per month. Smallwood's other income consists of SSI disability, and VA pension and/or disability payments, which total $4,190 per month. He lists $50 in a bank account. Based on the IFP Application, Smallwood's income falls significantly above the poverty threshold identified by the Department of Health and Human Services ("HHS") 2016 Poverty Guidelines. *See* HHS Poverty Guidelines, https://www.federalregister.gov/articles/2016/01/25/2016-01450/annual-update-of-

the-hhs-poverty-guidelines (annual income of $23,190 for family of three living in Hawaii). The Court acknowledges that Plaintiff's enumerated monthly expenses and his stated debts consume much of his monthly income. Nevertheless, Plaintiff's IFP Application does not establish that he cannot both pay the costs of litigating this case "and still be able to provide himself . . . with the necessities of life." *See Adkins*, 335 U.S. at 339 (internal quotation marks omitted). Accordingly, the Court finds that Plaintiff has not made the required showing under Section 1915 to proceed without prepayment of fees, and his IFP Application is DENIED. If Smallwood wishes to proceed with this action, he must remit the appropriate filing fee.

## II.    Motion for TRO

A court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A).

Smallwood seeks, on an expedited basis,

> [an] order of protection to have police officer assigned different beat as he has harassed and threatened to deprive me of life or liberty which has caused extreme mental and emotional distress.

> Actually causes me great harm and damage every time I see him at the moment and for the welfare of my person is medically reasonable I should not have to endure fear and mental duress of the presence o[f] officer who has seriously violated my most fundamental civil and human rights to the point I am in fear for my life.  Told by city and [HPD] that there is process that must be [fo]llowed even though it is slow and keeps me remaining in [imminent] danger of loss of freedom or life.  A process that would not be necessary as immediate had my civil right of equal justice and due process not been violated by [HPD].  Had I been allowed to file police report and file charges which is 5[th] amendment right officer would not be on beat to create unimaginable mental duress.
> . . . .
> Again, I ask that the court intervene in this matter because of the serious nature of violations and as emergency as timing is that I face immense distress and danger.  Plaintiff will file within days federal complaint of civil rights violations of federal and criminal nature but I need to survive and be free long enough to do that.

Complaint at unnumbered page 4.

Although the allegedly harassing HPD officer is not named anywhere on the face of the Complaint, appended to the Complaint are several exhibits, two of which clarify to a certain degree the otherwise vague allegations: (1) a Petition for Ex Parte Temporary Restraining Order, filed by Smallwood on September 9, 2016 against Corporal L. Juarez in the District Court of the First Circuit, State of Hawaii; and (2) a Honolulu Police Commission Complaint filed by Smallwood on September 6, 2016 against Corporal L. Juarez.

5

Here, neither the Complaint nor the exhibits attached thereto establish any plausible likelihood of irreparable injury. In the portion of the Court's form Complaint devoted to "irreparable injury," Smallwood states:

> Because of intentional infliction extreme mental duress my disability has begun an episode so severe I will never be the same again. State Judge denied TRO against C&C Honolulu HPD Officer who by actions which violated numerous constitutional 5, 9, 14th Amendments when clearly I am suffering harm and in imminent danger.

Complaint at 5. Although Smallwood proclaims that he fears for his life, he has not provided any specific, credible facts establishing that immediate and irreparable injury, loss, or damage will result.

Smallwood also failed to certify in writing any efforts made to give notice to defendants or the reasons why notice should not be required before a TRO is considered or issued. *See* Fed.R.Civ.P. 65(b)(1)(B). Nor has Smallwood made any effort to demonstrate that notice is impossible or fruitless, as required for an ex parte TRO. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless).

Moreover, even if defendants did have notice of the Motion for TRO, Smallwood fails to meet the substantive burden to justify the remedy he seeks. The

standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999). A "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence of an injunction." 555 U.S. at 22; s*ee also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

As discussed below, Smallwood fails to state a claim upon which relief may be granted against any defendant. In short, nothing in the Complaint demonstrates any past or imminent future injury caused by defendants sufficient to justify the relief sought. The allegations in the Complaint present no serious question that he is in danger of irreparable injury, that the balance of equities tips in his favor, or that

7

an injunction is in the public interest. *Alliance for Wild Rockies*, 632 F.3d at 1135. Accordingly, Smallwood's Motion for TRO is DENIED.

### III. The Complaint Is Dismissed with Limited Leave to Amend

#### A. Standard of Review

The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Because Smallwood is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect

. . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a

complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the Court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.

      B.    <u>**The Complaint Fails to State A Claim For Relief**</u>

The Complaint is vague, conclusory, and accompanied by numerous attachments. Although not entirely clear, liberally construing the allegations, it appears Smallwood is attempting to assert a 42 U.S.C. § 1983 claim for violation of his Fifth and Fourteenth Amendment rights to due process and/or equal protection.[2] In order to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

---

[2] There is no private right of action permitting claims directly under any constitutional provision; such claims must be brought pursuant to 42 U.S.C § 1983. *Azul–Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (A "[p]laintiff has no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.").

alleged violation was committed by a person acting under color of law.[3] Although pro se pleadings are liberally construed, a plaintiff must allege that he or she suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant, which the instant Complaint fails to do. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

    The Complaint alleges that:

> The disability rights center has simply refused to protect or advocate in any way civil rights violations of persons of Negro decent [sic] or to assist even the simplest matters which are difficult for a disabled person only because of his disability even help filling out tro form due to civil rights violations to include depriving disabled of life and liberty solely because disabled and black. Staff feel that they evaluate and determine not to address or accept cases to provide assistance on merit but actually just blacks do not get assistance from them, is absolutely racial discrimination at federal level in clear violation of civil right federal law.

---

[3]Under 42 U.S.C. § 1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

11

> Again ask order of protection to have police officer assigned different beat as he has harassed and threatened to deprive me of life or liberty which has caused extreme mental and emotional distress. . . .   Told by city and hpd there is process that must be [fo]llowed even though it is slow and keeps me remaining in [imminent] danger of loss of freedom or life.   A process that would not be necessary as immediate had my civil right of equal justice and due process not been violated by hpd.

Complaint at unnumbered page 4.

First, Smallwood's claims are on the whole vague and conclusory.   A plaintiff must plead specific facts to support specific constitutional violations in a manner that raises the right to relief beyond the speculative level.   *Twombly*, 550 U.S. at 555.   No such facts are pled in the Complaint.   The allegations do not clearly tie a specific defendant to a specific claim.   Conclusory allegations concerning the involvement of official personnel or entire agencies in civil rights violations are not sufficient.   *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Second, Section 1983 claims do not generally lie against private parties, such as defendant Hawaii Disability Rights Center.   As noted above, to state a claim under Section 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed *by a person acting under color of law*.   Individuals and

12

private entities are not normally liable under Section 1983, given these requirements, because they "are not generally acting under color of state law, and . . . '[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act.'" *Price v. State of Haw.*, 939 F.2d 702, 708 (9th Cir. 1991) (citing *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted)); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). The ultimate issue in determining whether a person is subject to suit under Section 1983 is whether the alleged infringement of federal rights is fairly attributable to the government. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation omitted). *See Lugar*, 457 U.S. at 939 ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'"). The Complaint offers no facts to support a finding that Hawaii Disability Rights Center acted under color of state law for purposes of Section 1983 liability. Accordingly, his claim against the Hawaii Disability Rights Center is DISMISSED. Because amendment may be possible, Smallwood is granted leave to amend his claim against the Hawaii Disability Rights Center.

Third, Smallwood's claim against the City is also insufficiently alleged. Municipalities, such as the City, are considered "persons" and may be sued under

Section 1983, but are liable only for injuries arising from an official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). The City is not subject to *respondeat superior* liability absent a municipal policy or custom followed or implemented by its employees. *Monell*, 436 U.S. at 694. Moreover, a plaintiff may not assert a Section 1983 claim merely by identifying conduct properly attributable to the municipality, but must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). In other words, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Comm'rs*, 520 U.S. at 404. The Complaint fails to sufficiently plead municipal liability against the City. Rather, Smallwood merely complains that the City and/or HPD's process for filing internal complaints of police misconduct against HPD officers is "slow." Accordingly, his claim against the City is DISMISSED. Because amendment may be possible, Smallwood is granted leave to amend his Section 1983 claim against the City.

Fourth, the Court finds that the Complaint fails to state a claim against the FBI, based on his allegations that the Bureau has "not even given [his] civil rights

complaint consideration." Complaint at 4. Quite simply, Smallwood has identified no source of any legal right which would entitle him to this relief. *See Stengel v. Columbus*, 737 F. Supp. 1457, 1459 (S.D. Ohio 1988) ("The right to petition government does not create in the government a corresponding duty to act."); *Erum v. County of Kauai*, 2008 WL 763231, at * 5 (D. Haw. Mar. 20, 2008) ("Individuals' First Amendment right to petition their government is not mirrored in a governmental obligation to respond to the exercise of that right.") (citing *Minn. State Bd. for Comm. Colls. v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate, and petition require government policymakers to listen or respond to individuals' communications on public issues."); *Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 465 (1979) ("But the First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize the association and bargain with it."); *cf. DeShaney v. Winnebago Country Dept. of Soc. Servs.*, 489 U.S. 189, 195-96 (noting that the Fourteenth Amendment generally confers no affirmative obligations on the Government)). To be clear, this Court is without the authority to "mandate [the FBI] to open [an] investigation [in]to the accusations of criminal civil rights violations systemic in state agencies and routine for the state of Hawaii to include

no[] service to blacks by election office." Complaint at 4.  In sum, even assuming the truth of the statements set forth in the Complaint, these allegations fail to state claims upon which this Court may grant relief.  Because the Court finds that amendment of his claims against the FBI would be futile, Smallwood's claims against the FBI are dismissed with prejudice.[4]

## IV.     Limited Leave To Amend Is Granted

The Court is mindful that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Because amendment *may* be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of this Order, by **October 10, 2016**.  This Order limits Smallwood to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.  He may not reallege the claims dismissed with prejudice against the FBI.  Smallwood is not granted leave to add additional parties, claims, or theories of liability and amendments not explicitly permitted by this Order require a separate Motion to Amend.

---

[4] *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court . . . does not abuse its discretion in denying leave to amend where amendment would be futile.").

If Smallwood chooses to file an amended complaint, he is STRONGLY CAUTIONED that he must clearly identify the basis for this Court's subject matter jurisdiction. Smallwood should also clearly allege the following: (1) the constitutional or statutory right he believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Smallwood's rights; and (5) what specific injury Smallwood suffered because of that defendant's conduct. *See Rizzo*, 423 U.S. at 371-72. Smallwood must repeat this process for each person or entity named as a defendant. If Smallwood fails to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint, and must be complete in itself without reference to the prior superseded pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not re-alleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice

17

need not be realleged in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not re-pled).

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Failure to file an amended complaint by October 10, 2016 will result in automatic dismissal of this action without prejudice.

## **CONCLUSION**

Based on the foregoing, the Court DENIES Smallwood's IFP Application, DENIES the Motion for TRO, and DISMISSES the Complaint with limited leave to amend. If Smallwood decides to proceed with this action, he must file an amended complaint addressing the deficiencies identified above no later than **October 10, 2016**. He must also pay the appropriate filing fee. Smallwood is CAUTIONED

///


///


///

that failure to file an amended complaint and pay the filing fee by **October 10, 2016** will result in the automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: September 16, 2016 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

Smallwood v. FBI, et al.; CV 16-505; **ORDER (1) DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND (3) DISMISSING COMPLAINT WITH LEAVE TO AMEND**