IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRAIG S. SMALLWOOD, | CV. NO. 16-00505 DKW-KJM |
| Plaintiff, | |
| | **ORDER DISMISSING CASE** |
| vs. | |
| FEDERAL BUREAU OF INVESTIGATION; CITY & COUNTY OF HONOLULU; and HAWAII DISABILITY RIGHTS CENTER, | |
| Defendants. | |

## ORDER DISMISSING CASE

## INTRODUCTION

On September 14, 2016, Plaintiff Craig S. Smallwood, proceeding pro se, filed a Complaint against the Federal Bureau of Investigation ("FBI"), City and County of Honolulu ("City"), and the Hawaii Disability Rights Center, alleging violations of his civil rights on the basis of race and disability.[1]   In a September 16,

---

[1]Smallwood also filed a request for TRO and Ex Parte Emergency Federal Protection Order ("Motion for TRO"), seeking a court order directing: (1) that an unnamed Honolulu Police

2016 Order, the Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e) and

granted Smallwood leave to amend by no later than October 10, 2016, specifically

cautioning him that failure to file an amended complaint and pay the required filing

fee by the deadline would result in the dismissal of this action.   Smallwood,

however, has neither filed an amended complaint, paid the required filing fee, nor

responded to the Court's September 16 Order in any other fashion.   As a result, this

action is dismissed without prejudice.

## DISCUSSION

The Court's September 16, 2016 Order explained the deficiencies in the

original Complaint and provided Smallwood with the following instructions on the

filing of an amended complaint:

> The Court is mindful that "[u]nless it is absolutely clear that no
> amendment can cure the defect . . . a pro se litigant is entitled to
> notice of the complaint's deficiencies and an opportunity to
> amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*,
> 66 F.3d 245, 248 (9th Cir. 1995).   Because amendment may be
> possible, the Court GRANTS leave to file an amended
> complaint, consistent with the terms of this Order, by October
> 10, 2016.   This Order limits Smallwood to the filing of an
> amended complaint that attempts to cure the specific deficiencies

---

Department ("HPD") officer be reassigned; and (2) that the FBI investigate unspecified agencies
within the State of Hawaii for purported system-wide civil rights violations.   In its September 16,
2016 Order, the Court denied Smallwood's Motion for TRO and his concurrently filed Application
For Leave To Proceed Without Prepayment of Fees, requesting to proceed *in forma pauperis* ("IFP
Application").   *See* Dkt. No. 6.

identified in this Order.   He may not reallege the claims dismissed with prejudice against the FBI.   Smallwood is not granted leave to add additional parties, claims, or theories of liability and amendments not explicitly permitted by this Order require a separate Motion to Amend.

If Smallwood chooses to file an amended complaint, he is STRONGLY CAUTIONED that he must clearly identify the basis for this Court's subject matter jurisdiction.   Smallwood should also clearly allege the following: (1) the constitutional or statutory right he believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Smallwood's rights; and (5) what specific injury Smallwood suffered because of that defendant's conduct.   *See Rizzo*, 423 U.S. at 371-72. Smallwood must repeat this process for each person or entity named as a defendant.   If Smallwood fails to affirmatively link the conduct of each named defendant with the specific injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

. . .

The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint.   Rather, any specific allegations must be retyped or rewritten in their entirety.   Failure to file an amended complaint by October 10, 2016 will result in automatic dismissal of this action without prejudice.

9/16/16 Order at 16-17 (Dkt. No. 6).

Courts have the authority to dismiss actions for failure to prosecute or for

failure to comply with court orders.   *See Link v. Wabash R.R. Co*., 370 U.S. 626,

629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").   The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.   *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).   Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."   *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.   The Court's September 16, 2016 was clear:

> If Smallwood decides to proceed with this action, he must file an amended complaint addressing the deficiencies identified above no later than **October 10, 2016**.   He must also pay the appropriate filing fee.   Smallwood is CAUTIONED that failure to file an amended complaint and pay the filing fee by **October 10, 2016** will result in the automatic dismissal of this action without prejudice.

9/16/16 Order at 18-19 (Dkt. No. 6).

4

Smallwood's failure to comply with the Court's order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently.   *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").   This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action.   *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991).   Smallwood offers no excuse or explanation for his failure to file an amended complaint.   When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.   *See Yourish*, 191 F.3d at 991-92.   This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.   However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.   *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Smallwood failed to discharge the responsibility to prosecute this action despite the Court's express warnings about the possibility of dismissal in its prior order.   Under these circumstances, the public policy favoring the resolution of disputes on the

merits does not outweigh Smallwood's failure to file an amended complaint, as directed by the Court in its September 16, 2016 Order.

The Court attempted to avoid outright dismissal of this action by granting Smallwood until October 10, 2016 to file an amended complaint and pay the required filing fee.   *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not adequate here, given Smallwood's voluntary failure to comply with the Court's order.   Under the present circumstances, less drastic alternatives are not appropriate.   The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.   On balance, however, because four factors favor dismissal, this factor is outweighed.

///

///

///

///

## **CONCLUSION**

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: October 13, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

Smallwood v. FBI, et al.; Civil No. 16-00505 DKW-KJM; **ORDER DISMISSING CASE**